UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 09-CV-947-H

MILTON ELWOOD STRODER                                     PLAINTIFF

V.

COMMONWEALTH OF KENTUCKY                            DEFENDANTS
CABINET FOR HEALTH AND FAMILY SERVICES,
J. P. HAMM &
OTHER UNKNOWN INDIVIDUALS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a former employee of the Kentucky Cabinet for Health and Family Services ("the Cabinet"), brings this action claiming he was unlawfully terminated on the basis of his sexual orientation. Plaintiff seeks recovery under the following legal theories: (1) violations of the Kentucky Constitution; (2) violations of the United States Constitution; and (3) violations of an executive order of the governor of Kentucky. Defendants, the Cabinet and its executive director, J. P. Hamm, have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

**I.**

When a motion to dismiss is filed under Rule 12(b)(6), the Court must look to the Complaint and determine whether it states a claim for which relief is available. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[The] [f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555,

1

and must be sufficient for the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal.*, 129 S.Ct. at 1949. Although a Complaint need not contain "detailed factual allegations," *Twombly*, 550 U.S. at 555, it must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

**II.**

Defendants complain that Plaintiff's complaint is merely legal conclusions and that more facts must be pled for Plaintiff to proceed to discovery. Moreover, Defendants argue that Plaintiff's account of the facts is simply incorrect. Defendants go so far as to provide an affidavit from Hamm detailing what he believes to be the real reason Plaintiff was terminated from his position with the Cabinet.

While Defendant may ultimately succeed on the merits that Plaintiff was not terminated for an improper reason, their argument cannot succeed on a standard Rule 12(b)(6) "failure to plead sufficient facts" motion to dismiss. At this stage of the litigation, the only facts that the Court considers are those in the Complaint.[1] The Complaint succinctly states that Plaintiff was an employee with the Cabinet, that he was terminated from his position by Hamm, that the reason for the termination was his sexual orientation and that there is no rational connection between his termination or position and his sexual orientation. Although Plaintiff's Complaint provides only a minimum of factual support, it is sufficient to meet the pleading requirements.

---

[1] Plaintiff's well-prepared response brief makes this exact point. Following that Response, Defendant Hamm attempted to convert his motion in to one for summary judgment. Any such motion is clearly premature. This case was just filed and discovery has not even commenced.

Defendants' arguments largely go to disputed factual issues, which cannot serve as the basis for a Rule 12(b)(6) dismissal.

### III.

Defendants assert several immunity defenses.

Hamm moves to dismiss on the basis of qualified immunity. "Qualified immunity is an affirmative defense that extends to government officials performing discretionary functions." *Shehee v. Luttrell*, 199 F.3d 295, 299 (6th Cir. 1999) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). As the Sixth Circuit has explained, "[u]nder this judicially created exception, government officials are immune from civil liability when acting in an official capacity if their actions do not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (quoting *Harlow*, 457 U.S. at 818). It has been clearly established for some time that government agents may not discriminate against an individual on the basis of his sexual orientation without some rational basis for doing so. *See Romer v. Evans*, 517 U.S. 620, 631-32 (1996). Without any discovery, it is unknown exactly why Hamm terminated Plaintiff and, if it was because of his sexual orientation, whether there was a rational basis for that decision. With those facts in dispute, the Court cannot determine Hamm's entitlement to qualified immunity at this time and must deny the motion to dismiss.

The Cabinet seeks dismissal on the basis of Eleventh Amendment and sovereign immunity. However, the Amended Complaint has made clear that the Cabinet is being sued only for declaratory and injunctive relief. Because Plaintiff does not seek monetary damages from the Cabinet, immunity does not bar the suit.

## IV.

Finally, Defendants seek to dismiss some of the specific legal bases for Plaintiff's claims. Primarily, Defendants argue that there is no private right of action under the Kentucky Constitution or the governor's executive order. Because the remainder of the claims may proceed through discovery, the Court finds that it is unnecessary to resolve these issues at this time. Rather, the Court will consider these legal issues with any factual arguments for dismissal when summary judgment motions are appropriate and properly raised.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' Motions to Dismiss are DENIED.

cc: Counsel of Record