UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-00947-H

MILTON ELWOOD STRODER                                                        PLAINTIFF

V.

COMMONWEALTH OF KENTUCKY
CABINET FOR HEALTH AND FAMILY SERVICES, et al.                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This Memorandum addresses the second of four issues to be resolved prior to trial.[1]

Defendants have moved for summary judgment on all Counts of the Second Amended

Complaint.  Only Counts I-III are implicated in this Memorandum.  Count I alleges violations of

Plaintiff's *state* due process and equal protection rights.  Count II alleges violation of Plaintiff's

same *federal* rights.  Only the equal protection components of both Counts are currently before

the Court.[2]  Count III, which alleges a violation of Executive Order 2008-473, is also ripe for

summary judgment.  For the reasons that follow, the Court will sustain Defendants' Motion for

Summary Judgment as to the violation of Executive Order 2008-473, and deny it as to the state

and federal equal protection claims.

I.

Summary judgment is proper where there exists no genuine issue as to any material fact

and the moving party is entitled to judgment as a matter of law.  *Tindell v. Iweimrim*, No. 3:07-

---

[1]In its previous Memorandum, the Court stayed Plaintiff's state claim challenging his termination from the
Commonwealth of Kentucky Cabinet of Health and Family Services ("CHFS") and alleging violation of KRS §
18A.095, pending adjudication by the Kentucky Personnel Board.

[2]The Court's next Memorandum will address Plaintiff's state and federal due process claims and the issue
of damages.

CV-P234-H, 2009 WL 2761291, at *1 (W.D. Ky. Aug. 27, 2009).  The burden of establishing

the absence of any genuine issue of material fact rests upon the moving party.  *Id.*  "Once the

moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to

establish, after an adequate opportunity for discovery, the existence of a disputed factual

element" material to the case.  *Id.*

## II.

The state executive possesses certain authority to direct the actions of the executive

branch.  This power is often exercised through the promulgation of executive orders.  Here,

Plaintiff alleges that Defendants violated Executive Order 2008-473, which establishes a policy

within the Commonwealth of Kentucky to "provide equal employment opportunity to all people

in all aspects of employer-employee relations without discrimination because of . . . sexual

orientation or gender identity . . . ."  Exec. Order No. 2008-473 (2008).

Where an executive order neither explicitly nor impliedly creates s private remedy, the

Court can conclude that no such right exists.  *See Stewart v. Classickle, Inc.*, No. 3:07-CV-25-H,

2007 WL 2229870, at *4 (W.D. Ky. Aug. 2, 2007) (citation omitted).   Executive Order 2008-

473 makes no mention of a private cause of action and the Court can identify no similar right

implied.  More importantly, Plaintiff has presented no support for his standing to pursue this

claim.  Thus, while the Executive Order appears relevant to this lawsuit, it cannot serve as the

basis for Plaintiff's private cause of action.  Plaintiff's claim must therefore fail.

## III.

Counts I and II of the Second Amended Complaint allege violations of Plaintiff's state

and federal equal protection rights.  Essentially, the federal and state equal protection standards

2

are identical and the same analysis may be applied to them both.  *Vision Mining, Inc. v. Gardner*, Nos. 2010-SC-000311-WC, 2010-SC-000438-WC, 2011 WL 6543000, at *16 (Ky. Dec. 22, 2011).  A plaintiff alleging discrimination in violation of his equal protection rights can meet his evidentiary burden through direct or indirect evidence under the *McDonnell Douglas* framework. *Weberg v. Franks*, 229 F.3d 514, 523 (6th Cir. 2000).  Under this analysis, plaintiffs bear the initial burden of establishing a prima facie case of discrimination.  *Id.* at n.8 (citing *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973)).  The burden then shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for the employment action.  *McDonnell Douglas*, 411 U.S. at 802.  Once the employer provides such a reason, the employee must "be afforded a fair opportunity" to show that the offered reason is in fact pretext.  *Id.* at 804. Relevant to such a showing would be evidence that other similarly situated employees were treated differently than the plaintiff.  *Id.*

Here, Plaintiff intends to offer evidence of the following at trial to prove discrimination:

- Plaintiff is an openly homosexual male and Defendants were aware of Plaintiff's sexual orientation during his employment.

- Employees of CHFS exchanged emails two days before Plaintiff's probationary period ended, discussing whether grounds existed for terminating Plaintiff.  One email declares that the author "didn't find anything that stood out on [Plaintiff]" but that he could "condense" some of Plaintiff's office-email correspondence to a "set amount of time" and "say it was excessive."

- Plaintiff was terminated on the last day of his probationary period, and his email usage was cited as the reason for his termination.

3

- Other employees, known to be heterosexual, exchanged emails that were arguably as violative of the CHFS internet usage policy as Plaintiff's, yet were not terminated. One such employee was in the same training class as Plaintiff and reported to the same managers as Plaintiff. Many of the emails Plaintiffs sent and received were to or from this heterosexual employee.

From this evidence, a reasonable jury could conclude that Defendants terminated Plaintiff based on his sexual orientation. Of course, Defendants are entitled to, and in fact do, present a legitimate, non-discriminatory reason for Plaintiff's termination– that Plaintiff's email practices violated CHFS's internet usage policy. However, and as discussed above, Plaintiff will introduce evidence to undermine this proffered reason. While the case may be that Defendants in fact terminated Plaintiff because of his email usage, Plaintiff has successfully established a prima facie case of discrimination and is entitled to try his case before a jury.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is SUSTAINED IN PART and Count III, alleging violation of Executive Order 2008-473 is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is DENIED IN PART as to Counts I and II, regarding Plaintiff's equal protection claims. Plaintiff's due process claims contained in Counts I and II remain pending.

cc:    Counsel of Record