UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-00947-H

MILTON ELWOOD STRODER                                                                          PLAINTIFF

V.

COMMONWEALTH OF KENTUCKY
CABINET FOR HEALTH AND FAMILY SERVICES, et al.                               DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This is the third in a series of Memorandum Opinions resolving pending issues prior to trial. The only remaining issues are the validity of Plaintiff's state and federal substantive due process claims[1] and the extent of remedies available for his equal protection claims at trial. For the reasons that follow, Defendants' Motion for Summary Judgment as to the due process claims will be sustained. Plaintiff is also barred from requesting backpay and benefits at trial, but he will be permitted to pursue reinstatement.

I.

Due process under the Fifth Amendment of the United States Constitution demands that no person be "deprived of life, liberty, or property, without due process of law." *United States v. Green*, No. 5:06CR-19-R, 2008 WL 4000868, at *5 (W.D. Ky. Aug. 26, 2008). There are both procedural and substantive components of due process, and each may be violated in separate

---

[1]In cases alleging employment discrimination, plaintiffs often present their claims as violations of 42 U.S.C. 2000e-2(a)(1) ("Title VII"). Title VII, however, "does not prohibit employment discrimination on the basis of homosexuality." *Pedreira v. Ky. Baptist Homes for Children, Inc.*, 186 F. Supp. 2d 757, 760 (W.D. Ky. 2001). Therefore, Plaintiff presents his employment discrimination claim in this case pursuant to 42 U.S.C. § 1983, the federal statutory vehicle allowing private causes of action against the state for alleged violations of one's constitutional rights. Plaintiff alleges that his termination, motivated by his sexual orientation, violated his Fifth Amendment substantive due process rights.

ways. Substantive due process, which is at issue here, "may be violated if state action either shocks the conscience or offends judicial notions of fairness or human dignity." *Klein v. McGowan*, 198 F.3d 705, 710 (8th Cir. 1999) (citing *Weimer v. Amen*, 870 F.2d 1400, 1405 (8th Cir. 1989)).

Claims alleging violations of one's substantive due process rights may be presented in two forms: (1) as challenges to laws or regulations; or (2) as challenges to discretionary action by a government official. As the Sixth Circuit has explained, the two challenges prompt different analyses:

> Though a plaintiff must demonstrate a deprivation of a constitutionally protected liberty or property interest in order to establish a due process violation based on discretionary conduct of government officials, *such a showing is not necessary to establish that a state law is unconstitutional*. An individual or entity with constitutional standing to *challenge legislation* on due process grounds has at stake the "right not to be subject to 'arbitrary or capricious' action by a state either by legislative or administrative action."

*Am. Express Travel Related Servs. v, Ky.*, 641 F.3d 685, 688-89 (6th Cir. 2011) (citations omitted) (emphasis added). Thus, in order for a plaintiff to state a claim alleging a violation of substantive due process rights by the actions of a government official, "he must first demonstrate he has a property and/or liberty interest recognized by the United States Constitution . . . ." *Green*, 2008 WL at *4; *see also Prater v. City of Burnside, Ky.*, 289 F.3d 417, 431 (6th Cir. 2002). Next, he "must show that the government entity took an 'arbitrary and capricious action in the strict sense.'" *Id*. at *5 (quoting *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1221 (6th Cir. 1992)).

Our focus in this case is on the first of these two elements, which requires Plaintiff to

2

demonstrate a property or liberty interest recognized by the Constitution. Defendants argue that Plaintiff, as a probationary employee, possesses no property interest in his state employment and therefore cannot satisfy this element. Instead of responding by identifying a particular protected interest, Plaintiff argues, rather generally, that he has a right to be free from arbitrary treatment based upon his sexual orientation. As support, Plaintiff relies upon *Cammermeyer v. Aspin*, a case from the Western District of Washington, where a National Guard officer claimed that her discharge based upon her sexual orientation violated her due process rights. 850 F. Supp. 910, 912 (W.D. Wash. 1994).

      The Court does not find this case nor the case law generally to support his arguments. Although *Cammermeyer* appears factually analogous to the instant case, Cammermeyer's discharge resulted from implementation of a new federal regulation that barred homosexuals from the miliary, and her substantive due process claim challenged the regulation itself, not her resulting termination. *Id*. at 913. Therefore, the test and ensuing analysis performed in *Cammermeyer* is inapplicable to this case because Plaintiff challenges action by a government official, and not legislation or regulations themselves.

      To satisfy the proper standard for challenges to actions of a government official (as opposed to those challenging legislation or regulations), Plaintiff must establish a property or liberty interest recognized by the Constitution. Plaintiff is unable to satisfy this standard because he was not a classified employee at the time of his termination by Defendants. As a mere probationary employee of the state, he possessed no property interest in his future employment. Since Plaintiff cannot established a property or liberty interest recognized by the Constitution, his substantive due process claim must fail.

3

II.

At this juncture, Plaintiff's only remaining claim is the alleged violation of his equal protection rights. At trial, Plaintiff seeks reinstatement of his employment and back pay with benefits. Defendants contend that sovereign immunity bars recovery of back pay and benefits from the state. In response, Plaintiff invokes the *Ex Parte Young* exception, which he argues allows recovery of both.

"In *Ex Parte Young*, the Supreme Court carved out an exception to state sovereign immunity," which allows recovery against state officials for equitable relief. *Gardner v. W. Ky. Univ.*, No. 1:11-CV-00079, 2011 WL 4861880, at *4 (W.D. Ky. Oct. 13, 2011). Since then, the exception has been clarified by both the Supreme Court and the Sixth Circuit as one that "cannot be used in federal court against a state official to order *retroactive monetary awards*." *State of Ohio v. Madeline Marie Nursing Homes No. 1 and No. 2*, 694 F.2d 449, 458 (6th Cir. 1982) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)) (emphasis added). This clarification is understood as barring back pay and benefits. For example, in *Duncan v. Nighbert*, where a state employee sued her former employer alleging wrongful termination, Judge Hood on the Eastern District of Kentucky explained which remedies are recoverable against the state:

> [Plaintiff] requests as relief that he be reinstated and awarded all back pay and benefits. Duncan's request for monetary relief is clearly barred because remitting back pay and benefits to Duncan would require the payment of funds from the state treasury, not from the personal resources of Defendants, which is precluded by the Eleventh Amendment. Duncan's request for reinstatement, however, is a request for prospective injunctive relief that is not barred by the Eleventh Amendment.

No. 3:06-34-JHM, 2007 WL 2571649, at *3 (E.D. Ky. Aug. 31, 2007).

The issue here before this Court is whether any of the remedies Plaintiff seeks fall within

the *Ex Parte Young* exception and are therefore permitted. Although Plaintiff argues that back pay and benefits are considered equitable remedies, he offers no direct support for allowing their recovery in cases against the state, and case law within this circuit indicates just the opposite. The Supreme Court bars recovery of retrospective monetary awards from the state, and this includes back pay and benefits.  Therefore, Plaintiff's request for back pay and benefits must be denied.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is SUSTAINED IN PART and Plaintiff's state and federal substantive due process claims contained in Counts I and II of the Second Amended Complaint are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff is barred from pursuing recovery of back and pay and benefits for his equal protection claims at trial.  His recovery will be limited to reinstatement.

cc:	Counsel of Record