UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-00947-H

MILTON ELWOOD STRODER                                                                      PLAINTIFF

V.

COMMONWEALTH OF KENTUCKY
CABINET FOR HEALTH AND FAMILY SERVICES, et al.                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

In its Memorandum Opinion dated March 15, 2012, the Court stayed consideration of whether Plaintiff was properly terminated pending determination of this issue by the Personnel Board. Defendants now move for reconsideration, arguing that Plaintiff was properly terminated and, in the alternative, Plaintiff is time-barred from appealing his termination to the Personnel Board. For the reasons that follow, the Court will abstain from considering these issues at this time.

Defendants argue that Plaintiff was properly terminated because, despite Defendants' reliance on KRS § 18A.095 earlier in this litigation, KRS § 18A.111 actually controls terminated employees' notification rights. KRS § 18A.111 states that probationary employees have no right to appeal employment actions taken against them, except as provided in KRS § 18A.095. Because Defendants stated this information, almost verbatim, in Plaintiff's termination letter, they argue he was given adequate notification of his right to appeal. In the alternative, Defendants contend that, even if Plaintiff was provided inadequate notification, he was still required to file his appeal within one year of his penalization pursuant to KRS § 18A.095(29). Subsection (29) states that "an employee that has been penalized, but has not received a written

notice of his or her right to appeal as provided in this section, shall file his or her appeal with the Personnel Board within one (1) year . . . ." Defendants cite to two Kentucky state court cases purportedly illustrating the requirement for employees to appeal penalization within one year, irrespective of whether they receive notice of the adverse action taken against them. *See Ky., Dep't of Revenue, Fin. & Admin. Cabinet v. McDonald*, 304 S.W.3d 62 (Ky. Ct. App. 2009); *Carreer v. Cabinet for Health and Family Servs.*, 339 S.W.3d 477 (Ky. Ct. App. 2010).

     At first glance, the statutes and two cases cited by Defendants appear relevant to this case, but the Court is not wholly convinced. The two cases cited involve merit or classified employees who possess property rights in their state employment and are therefore entitled to procedural due process. Classified employees are presumably well aware of their rights and they need not be made explicitly aware of adverse actions taken against them, nor provided written notification of such. On the other hand, probationary employees, like Plaintiff, are not afforded procedural due process and have no property rights in their continuing employment. These employees may be unaware of or misguided regarding what few rights and protections they do have. Therefore, it may be critically important that they are provided proper notice of not only the adverse actions taken against them, but also their rights to appeal. For these reasons, the cases cited by Defendants may be of little or no significance in cases like the one at hand.

     In its prior Memorandum Opinion the Court opined that Plaintiff's appeal to the Personnel Board was not time-barred. Upon reconsideration, however, the Court concludes that it should abstain from determining the application of the cases or statutes. The Personnel Board is the body most capable of deciding which statutes govern probationary employees, what notice

they must be given, and what rights they have to appeal. Federal courts are obligated "to exercise the jurisdiction given them." *MacDonald v. Vill. of Northport*, 164 F.3d 964, 968 (6th Cir. 1999) (quoting *Col. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817 (1976)). This concept, established by the Supreme Court and coined the "*Burford* doctrine," "permits federal courts to abstain from deciding cases 'when there is a need to defer to complex state administrative procedures.'" *Hasken v. City of Louisville*, 173 F. Supp. 2d 654, 659-60 (W.D. Ky. 2001) (quoting *MacDonald*, 164 F.3d at 967). One such occasion is "where the 'exercise of federal review of the question . . . would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Id*. at 660 (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989)).

      Although the Court currently has jurisdiction over Plaintiff's state claims in this case, the risk of interfering with state agency actions and policies regarding public employees remains. The interpretation of state employment statutes and the role of state agencies in evaluating such statutes is uniquely an interest of the state. The Personnel Board is tasked with hearing state-employee appeals and analyzing statutes governing state employment. It has extensive experience and knowledge regarding these issues, and it is the best body to evaluate Plaintiff's situation. Plaintiff has already filed his appeal with the Personnel Board. In order to allow this appeal to proceed properly, this Court will maintain its stay of the claims under Count IV of the Second Amended Complaint.

      Having decided that the Personnel Board should determine whether Plaintiff was properly terminated, it appears upon further consideration, that the Personnel Board should also decide whether Plaintiff may assert his appeal at all. Then, and only if this first question is

answered affirmatively, the Personnel Board should proceed to determine whether Plaintiff was properly terminated.  The Court will abstain from deciding both of these issues, and dismiss Count IV of the Second Amended Complaint.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration is DENIED and it is therefore ORDERED that:

1) The stay as to Count IV of the Second Amended Complaint remains in effect; and

2) The Court's previous Memorandum Opinions addressing Count IV should not be construed as determinative of any issues now before the Personnel Board by virtue of Plaintiff's appeal.

cc:     Counsel of Record